UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DELANA STELLY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 25-416-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MAC'S CONVENIENCE STORES, LLC, | ) | **MEMORANDUM OPINION** |
| et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of two motions filed by Plaintiff Delana Stelly. First, the plaintiff seeks to remand the case to state court, arguing that the defendant's Notice of Removal was untimely and failed to establish diversity of citizenship.  [Record No. 4] Second, the plaintiff requests leave to file a second Amended Complaint to join two additional parties whose inclusion would require remand under 28 U.S.C. 1447(e).  [Record No. 5] She also seek costs and attorneys' fees.  [Record No. 4] Defendant Mac's Convenience Stores LLC, doing business as Circle K ("Circle K"), contends that removal was proper and that plaintiff should not be allowed to add parties for the purpose of defeating diversity.  [Record No. 10]

Having reviewed the parties' briefs and the relevant law, the Court finds that removal of this action was untimely under 28 U.S.C. § 1446(b).  Therefore, the motion to remand will be granted.  However, the motion for costs and attorney fees will be denied because the defendant's grounds for removal were not objectively unreasonable.

- 1 -

## I. Background

This litigation arises from a slip-and-fall occurring on December 12, 2025, in a Circle K parking lot on property owned by Richmond Road Properties, LLC ("Richmond Road") and leased by Defendant Mac's Convenience Stores LLC, doing business as Circle K.  [Record No. 1-2 at 17]  Stelly filed her original Complaint on April 22, 2025, in Fayette County Circuit Court, asserting claims against Richmond Road properties, LLC purportedly doing business as Circle K ("Richmond Road").  [*Id.* at 4-8] Richmond Road, however, does not do business as Circle K.  Instead, Circle K is merely its tenant.  [*See id.* at 13-14.]  Thereafter, on May 8, 2025, and after learning that Circle K leased the subject property from Richmond Road, Stelly moved for leave to amend her Complaint to add Mac's Convenience Stores LLC, d/b/a Circle K, as a co-defendant.  [*Id.*]  The First Amended Complaint was filed in state court on June 28, 2025.  [*Id.* at 23-28]

On July 1, 2025, Richmond Road filed an Answer admitting that Circle K had complete control over the leased property at all relevant times and was responsible for maintaining it in a safe condition.  [*Id.* at 34] Circle K then served discovery requests, including request for admission regarding damages.  [*Id.* at 108]  At the same time, Circle K asked plaintiff's counsel *via* email if she would dismiss Richmond Road, explaining that Circle K controlled the premises, would not seek apportionment against Richmond Road, and had sufficient insurance coverage.  [Record No. 10-2 at 3]

On July 21, 2025, Stelly admitted in response to the request for admission that her damages exceed $75,000, exclusive of interest and costs.  [Record No. 1-2 at 112]  Plaintiff's counsel also responded to the email, stating that she needed to conduct discovery before dismissing Richmond Road from the action.  [Record No. 10-2 at 2]

Circle K served supplemental responses on October 16, 2025, confirming that it had exclusive responsibility and control over the premises at all relevant times and that no other party—other than Circle K or Stelly—contributed to the incident.  [*Id.* at 153-166]  On the same date, Circle K's counsel again asked plaintiff's counsel to dismiss Richmond Road reiterating that Circle K had exclusive control, would not seek apportionment, and carried sufficient insurance coverage.  [Record No. 1-3 at 5] Plaintiff's counsel responded that he would consider dismissing Richmond Road but ultimately did not.  [*Id.* at 4]

On November 6, 2025, Circle K removed the action to this Court, asserting that removability was "confirmed" when Circle K made written admission of complete control and responsibility and when Stelly refused to dismiss Richmond Road on October 16, 2025. [Record No. 1 at 7] The Notice of Removal indicates that Stelly is a Kentucky resident[1] and that Circle K's member/managers are citizens of Arizona, Indiana, and Ohio.  [Record No. 1 at 6] It also states that Stelly admitted that her damages exceeded the federal diversity jurisdiction threshold.  [*Id.* at 3]

Circle K contends that the Amended Complaint alleges only that it owed a duty to Stelly and that Circle K's act or omissions caused her injuries.  [*Id.* at 6] It further notes that Stelly asserts no claim of breach of duty, wrongdoing, responsibility, or liability against Richmond Road.  [*Id.*]  And Circle K further argues that, under Kentucky, law landlords are not liable for injuries on leased premises where the tenant has exclusive possession and control.  [*Id.*]

---

[1]     Diversity of citizenship, not residency, is required for jurisdiction to be proper under 28 U.S.C. § 1332.  Further, in multi-defendant cases removed to federal court, all defendants must consent to or join in the removal.  *Hicks v. Emery Worldwide, Inc.,* 254 F. Supp.2d 968, 972 (S.D. Ohio 2003).  The parties have not adequately addressed either deficiency in their pleadings, but those errors do not affect the outcome of the pending motions.

Because Stelly alleges no negligence by Richmond Road and Circle K's admits full control of the premises, it argues that it is legally impossible for Stelly to hold Richmond Road liable. [*Id.* at 5] And without Richmond Road, a Kentucky limited liability company, Circle K contends that complete diversity exists. [*Id.*] Therefore, it claims that Stelly fraudulently joined Richmond Road to prevent removal, the case falls within this Court's original jurisdiction, and removal is proper under 28 U.S.C. § 1441 and § 1446. [*Id.*]

On November 11, 2025, Stelly moved to remand the action to the Fayette Circuit Court for failure to comply with the timeliness requirement of § 1446(b) and for failure to establish diversity of citizenship. [Record No. 4] That same day, she moved to amend the Amended Complaint to add as additional defendants two Circle K employees who would destroy diversity jurisdiction and require remand under 28 U.S.C. 1447(e). [Record No. 5]

Stelly argues that under Circle K's theory of fraudulent joinder, it first became ascertainable that Richmond Road was improperly joined on June 28, 2025 (i.e., the date Stelly filed her Amended Complaint adding Circle K but retaining Richmond Road as a defendant). [Record No. 4 at 3-4] She also contends that Circle K first received notice that the amount in controversy exceeded the jurisdictional threshold when she responded to the request for admission on July 21, 2025. [*Id.*] Thus, the plaintiff argues both complete diversity and the amount in controversy were ascertainable at that time, triggering the thirty-day removal window under 28 U.S.C. 1446(b)(3). [*Id.* at 4-5] By her calculation, timely removal should have occurred by August 20, 2025, and because removal did not occur until November 6, 2025, she argues the removal was untimely. [*Id.*] Stelly also seeks costs and attorney fees under § 1447(c). [*Id.* at 10]

## II.  Legal Analysis

When only state-law causes of action are alleged, federal district courts have original jurisdiction over a case if the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).  And when a plaintiff moves to remand an action that has been removed from state court, the defendant bears the burden of proving by a preponderance of evidence that the requirements for diversity of citizenship jurisdiction are met.  *Williams v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007); *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 470 (6th Cir. 2019).  Courts assess jurisdiction at the time of removal.  *Id*.

A defendant may meet its burden of establishing that removal is proper by demonstrating that the action could have been brought in federal court in the first place.  *See Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *see also* 28 U.S.C. § 1441(a).  "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute [is] strictly construed and all doubts resolved in favor of remand."  *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006) (quoting *Brown v. Francis,* 75 F.3d 860, 864–65 (3d Cir. 1996)) (citation modified).

A removing party facing non-diverse defendants may defeat a motion to remand by showing that the non-diverse parties were fraudulently joined.  *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011) (citing *Saginaw Hous. Comm'n v. Bannum, Inc.,* 576 F.3d 620, 624 (6th Cir.2009)).  "Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action."  *Id.* (quoting *Saginaw Hous. Comm'n*, 576 F.3d at 624).  The plaintiff's motive for joining the non-diverse party to the

- 5 -

lawsuit is "immaterial to [the] determination regarding fraudulent joinder." *Id.* (quoting *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir.1999)).

### A.  Timeliness of Removal

A notice of removal of a civil action must be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.  28 U.S.C. § 1446(b)(1).  But § 1446(b)(3) provides a limited exception.  It states:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Under a plain reading of the statute, "[t]he first paragraph provides that if the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant." *Parks v. Collins*, Civil Action No. 6: 07-346-DCR, 2008 WL 294533, at *3 (E.D. Ky. Jan. 31, 2008) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992)).  However, if the case stated by the initial pleading is not removable, the second paragraph provides that the notice of removal may be filed within thirty days of the receipt of any amended pleading or other paper from which the defendant can first ascertain that the case is removable.  *Id.*

Here, fraudulent joinder became first ascertainable on June 28, 2025, upon receipt of the plaintiff's Amended Complaint.  [*See* Record No. 1-2 at 23-28.]  Circle K argues that Richmond Road was fraudulently joined because the Amended Complaint asserts no colorable claims against that defendant.  [Record No. 1]  As Circle K correctly notes in its Notice of Removal, Stelly alleges that Circle K alone owed her a duty and that Circle K's actions or

- 6 -

inactions caused the alleged injury.  [Record No. 1 at 4; *see* Record No. 1-2 at 23-28] The Amended Complaint nowhere alleges any duty, wrongdoing, responsibility, liability or any other claim against Richmond Road.  [*See* Record No. 1-2 at 16-21; *see also* Record No. 1 at 4.]  Accordingly, the Amended Complaint was the first document from which it could be determined that the only non-diverse defendant was fraudulently joined, thereby establishing complete diversity among the properly joined parties.  Separately, the amount in controversy became ascertainable on July 21, 2025, when Stelly admitted that it exceeds $75,000.00, exclusive of interest and costs.  [*Id.* at 112]

Under 28 U.S.C. § 1146(b), the thirty-day removal period begins to run when the defendant receives a pleading or other paper from which removability can first be determined. Because (1) complete diversity was ascertainable, on the theory of fraudulent joinder, from the amended complaint filed June 28, 2025, and (2) the amount in controversy became clear on July 21, 2025, the defendants were required to file their notice of removal within thirty days of July 21, 2025.  However, Circle K did not attempt removal until November 6, 2025, which was well outside the statutory thirty-day window.  Accordingly, removal was untimely, and remand is required pursuant to 28 U.S.C. § 1447(c).

**B.  "Just Costs" under 28 U.S.C. § 1447(c)**

Having concluded that this action was improperly removed, the Court next addresses whether costs and attorney fees are warranted under the circumstances presented.  Title 28 of the United States Code, section 1447(c), provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  In determining whether fees should be awarded, the Supreme Court has explained that

the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005) (citations omitted). Here, although Circle K's Notice of Removal is untimely, the Court is unable to conclude that the basis for removal was wholly objectively unreasonable.

### III. Conclusion

Being sufficiently advised, it is hereby

**ORDERED** as follows:

1.    Plaintiff Stelly's Motion to Remand this action to Fayette Circuit Court [Record No. 4] is **GRANTED**.

2.    Plaintiff Stelly's motion for costs and attorneys' fees [Record No. 4] is **DENIED**.

3.    Plaintiff Stelly's motion for Leave to Amend the Complaint and Remand [Record No. 5] is **DENIED** as moot.

4.    This action is **REMANDED** to the Fayette Circuit Court for further proceedings.

Dated:  November 26, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky